SONIA MARTIN (State Bar No. 191148)
JONE TRAN (State Bar No. 239311)
DENTONS US LLP
One Market Plaza, Spear Tower, 24th Floor
San Francisco, CA  94105
Telephone:   (415) 267-4000
Facsimile:   (415) 267-4198
Email:        sonia.martin@dentons.com
              jone.tran@dentons.com

Attorneys for Defendants
NATIONWIDE INSURANCE COMPANY
and AAMCO INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| DE LAVEAGA SERVICE CENTER, INC., <br><br> Plaintiff, <br><br> vs. <br><br> NATIONWIDE INSURANCE COMPANY, AAMCO INSURANCE COMPANY, STEPHEN ROTHHAMMER, and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. 21-cv-03389 <br><br> **NOTICE OF REMOVAL OF CIVIL ACTION** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND ITS ATTORNEYS OF

RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. section 1441(a), defendants

Nationwide Insurance Company ("Nationwide") and AAMCO Insurance Company ("AMCO")

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CA, 94105
(415) 267-4000

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CA 94105
(415) 267-4000

1    (collectively, the "Nationwide Defendants")[1] hereby remove to this Court the action described

2    below and respectfully submit the following statement of grounds for removal:

3                                    The Superior Court Action

4        1.    On February 3, 2021, plaintiff De LaVeaga Service Center, Inc., commenced an

5    action in the Superior Court of the State of California in and for the County of Santa Cruz titled

6    "*De LaVeaga Service Center, Inc. v. Nationwide Insurance Company, AAMCO Insurance*

7    *Company, Stephen Rothhammer, and Does 1 through 50, inclusive*," Case No. 21CV00261 (the

8    "Superior Court Action").

9        2.    In the Superior Court Action, plaintiff seeks damages with respect to the Nationwide

10   Defendants' handling of its insurance claim under its businessowners policy for the October 21,

11   2018 fire loss at its auto repair business.  (Complaint for Bad Faith Insurance Conduct

12   ("Compl."), ¶¶ 7, 10, 11-14.)  Plaintiff alleges the Nationwide Defendants, through Stephen

13   Rothhammer, claimed that it did not own the business and stopped insurance payments for its

14   business losses.  (*Id*. ¶¶ 12-13.)  Plaintiff contends that, after it provided proof of ownership, the

15   Nationwide Defendants denied and delayed recommencing payments.  (*Id*. ¶ 14.)  Plaintiff asserts

16   causes of action against defendants for breach of the implied covenant of good faith and fair

17   dealing and intentional infliction of emotional distress.  (*Id*. ¶¶ 15-29.)  It seeks general, special,

18   and exemplary damages, attorneys' fees, interest, and costs.  (*Id*., Prayer for Relief, ¶¶ 1-6.)

19                                         Service

20       3.    On April 7, 2021, plaintiff served the summons and complaint in the Superior Court

21   Action on Corporation Service Company ("CSC"), the agent for service of process for

22   Nationwide.

23

24   _____

25   [1] Defendants' correct corporate names are "Nationwide Mutual Insurance Company" and
     "AMCO Insurance Company."  There is no company named "AAMCO Insurance Company"
26   under the Nationwide Mutual Insurance Company umbrella and there are no companies by those
     names that are registered with the California Secretary of State.  *See* Business Search,
     https://businesssearch.sos.ca.gov/CBS/SearchResults?filing=&SearchType=CORP&SearchCrite
27   ria=aamco+insurance&SearchSubType=Keyword (last visited May 6, 2021);
     https://businesssearch.sos.ca.gov/CBS/SearchResults?filing=&SearchType=CORP&SearchCrite
28   ria=nationwide+insurance+company&SearchSubType=Keyword (last visited May 6, 2021).

4.      On April 7, 2021, plaintiff also served the summons and complaint in the Superior Court Action on CSC, the agent for service of process for AMCO.

5.      Defendant Stephen Rothhammer has not been served.

6.      Attached as Exhibit "A" are true and correct copies of the civil case cover sheet, complaint, summons, proofs of service, case management information and setting notice, and statements of damages, which the Nationwide Defendants believe constitute all pleadings and documents on file in the Superior Court Action.

Diversity of Citizenship

7.      Plaintiff De Laveaga Service Center, Inc., was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a resident and citizen of the State of California.  (Ex. A, Compl., ¶ 1.)

8.      Nationwide was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in the city of Columbus, Ohio.

9.      AMCO was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Iowa, with its principal place of business in the city of Des Moines, Iowa.

10.     Defendant Stephen Rothhammer was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a resident and citizen of the State of California. (*Id.* ¶ 4.)

11.     Accordingly, plaintiff and the Nationwide Defendants are citizens and residents of different states.

12.     "Doe" defendants are disregarded in determining diversity of citizenship.  28 U.S.C. § 1441(b)(1) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

Fraudulent Joinder of a California Resident

13.     In addition to asserting causes of action against the Nationwide Defendants, plaintiff purports to sue an insurance adjuster, Mr. Rothhammer, for breach of the implied covenant of

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CA 94105
(415) 267-4000

good faith and fair dealing and intentional infliction of emotional distress.  As set forth below, its

joinder of Mr. Rothhammer is fraudulent and designed to attempt to prevent the removal of the

Superior Court Action to this Court, where it properly belongs, by the assertion of a sham claim

against a resident defendant.  In such a circumstance, a federal court will disregard the sham party

for purposes of determining whether diversity jurisdiction exists.

14.     Mr. Rothhammer is a sham defendant because the complaint fails to allege a claim

against him.  Pursuant to California Supreme Court authority, plaintiff cannot state a claim for

breach of the implied covenant of good faith and fair dealing against Mr. Rothhammer, a claims

adjuster.  *See Egan v. Mut. of Omaha Ins. Co*., 24 Cal. 3d 809, 824, 620 P.2d 141 (1979) (claims

adjuster and manager were "not parties to the insurance contract and not subject to the implied

covenant."); *Gruenberg v. Aetna Ins. Co*., 9 Cal. 3d 566, 576 (1973) ("[T]he non-insurer

defendants [claims representatives] were not parties to the agreements for insurance; therefore,

they are not, as such, subject to an implied duty of good faith and fair dealing."); *see also Sanchez

v. Lindsey Morden Claims Servs., Inc*., 72 Cal. App. 4th 249, 254-55 (1999) ("California courts

have refused to extend liability for *bad faith*, the predominant insurer tort, to agents and

employees of the insurer.") (emphasis original).  Because Mr. Rothhammer was not a party to the

insurance contract, he is not subject to the duty for good faith and fair dealing.

15.     In addition, plaintiff, a corporation, lacks standing to state a claim for intentional

infliction of emotional distress.  *Huntingdon Life Scis., Inc. v. Stop Huntingdon Animal Cruelty

USA, Inc*., 129 Cal. App. 4th 1228, 1260 (2005) ("As a business entity, . . . HLS lacks standing

to pursue the[] tort[]" of intentional infliction of emotional distress"); *see also Tenants Assn. of

Park Santa Anita v. Southers*, 222 Cal. App. 3d 1293, 1304 (1990) (a homeowners association

"does not have standing to sue for damages/injuries for anxiety, emotional distress, or personal

injuries."); *F.P.D., Inc. v. Hartford Cas. Ins. Co*., No. CV 15-04419 DMG (EX), 2015 WL

12806477, at *3 (C.D. Cal. Oct. 6, 2015) ("As a matter of law, however, a business entity . . .

cannot suffer emotional distress, and therefore lacks standing to pursue a claim for intentional

infliction of emotional distress."); *F.D.I.C. v. Hulsey*, 22 F.3d 1472, 1489 (10th Cir. 1994)

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CA 94105
(415) 267-4000

1   ("Since a corporation lacks the cognizant ability to experience emotions, a corporation cannot

2   suffer emotional distress.  Thus, no claim for intentional infliction of emotional distress lies.").

3       16.    Accordingly, Mr. Rothhammer was "fraudulently joined for diversity and removal

4   purposes," and his presence is disregarded in determining jurisdiction.  *See Ritchey v. Upjohn*

5   *Drug Co.,* 139 F.3d 1313, 1318-20 (9th Cir. 1998).

6   Amount in Controversy

7       17.    In the Superior Court Action, plaintiff seeks general, special, and exemplary

8   damages, attorneys' fees, prejudgment and post-judgment interest, and costs of suit.  (Ex. A,

9   Compl., Prayer for Relief, ¶¶ 1-6.)

10       18.    Plaintiff seeks $13,500,000 in general and special damages.  (Ex. A, Statement of

11   Damages ["Dmgs Stmt"] ¶¶ 1-2.)

12       19.    Plaintiff also seeks attorneys' fees and exemplary damages.  (Ex. A, Compl., Prayer

13   for Relief, ¶¶ 3-4.)  *See Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D.

14   Cal. 2000) (in calculating the amount in controversy, the Court must consider the attorneys' fees

15   and punitive damages plaintiff may recover if it should prevail in the case).

16       20.    Accordingly, the amount in controversy in the Superior Court Action, exclusive of

17   interest and costs, exceeds the $75,000 jurisdictional minimum for federal diversity jurisdiction.

18   (*See* Ex. A, Compl., Prayer for Relief; Ex. A, Dmgs Stmt.)

19   Original Jurisdiction

20       21.    The Superior Court Action is a civil action of which this Court has original

21   jurisdiction under 28 U.S.C. section 1332, in that plaintiff and the Nationwide Defendants are

22   citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest

23   and costs.

24       22.    The case is therefore one that the Nationwide Defendants may remove to this Court

25   pursuant to 28 U.S.C. sections 1441 and 1446.  The removal is effected within thirty (30) days

26   after service of the Complaint in the Superior Court Action, in accordance with 28 U.S.C. section

27   1446(b).

28

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CA 94105
(415) 267-4000

WHEREFORE, the Nationwide Defendants hereby give notice that this action has been removed, in its entirety, from the Santa Cruz County Superior Court to the United States District Court for the Northern District of California, for further proceedings as though it originally had been instituted in the District Court.

Respectfully submitted,

Dated:  April 6, 2021

DENTONS US LLP

By: _____
                SONIA MARTIN

Attorneys for Defendants
NATIONWIDE INSURANCE COMPANY and
AAMCO INSURANCE COMPANY

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CA 94105
(415) 267-4000

# EXHIBIT A

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>John Kevin Crowley, SBN 88189; Jesse Turner, SBN 250789<br>**Attorneys at Law**<br>125 S. Market Street, Suite 1200<br>San Jose, CA 95113-2288<br>TELEPHONE NO: 408-288-8100    FAX NO.: 408-288-9409<br>ATTORNEY FOR *(Name):* Plaintiff, De Laveaga Service Center, Inc. | **FOR COURT USE ONLY**<br><br>ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Cruz<br>2/3/2021 1:10 PM<br>Alex Calvo, Clerk<br>By: Helena Hanson, Deputy<br>*Helena J Hanson* |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Cruz
STREET ADDRESS: 701 Ocean Street
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Cruz, CA 95060
BRANCH NAME:

**CASE NAME:** DE LAVEAGA V. NATIONWIDE INSURANCE CO.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: 21CV00261 |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[X] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [ ] Substantial amount of documentary evidence
  d. [ ] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* 2
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 2, 2021

JOHN KEVIN CROWLEY
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CEB | Essential Forms
ceb.com

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Sean O'Neal

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice- Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case-Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ-Administrative Mandamus
  Writ-Mandamus on Limited Court Case Matter
  Writ-Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

Sean O'Neal

1  JOHN KEVIN CROWLEY (SBN: 88189)
   JESSE TURNER (SBN: 250789)
2  **ATTORNEYS AT LAW**
   125 S. Market Street, Suite 1200
3  San Jose, CA  95113-2288
   Telephone: (408) 288-8100
4  Facsimile: (408) 288-9409
   Email: jkclaw@pacbell.net
5  Email: jtjtd2004@yahoo.com

6

7  Attorneys for Plaintiff
   **DE LAVEAGA SERVICE CENTER, INC.**

8

ELECTRONICALLY FILED
Superior Court of California
County of Santa Cruz
2/3/2021 1:10 PM
Alex Calvo, Clerk
By, Helena Hanson, Deputy

9            **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10              **IN AND FOR THE COUNTY OF SANTA CRUZ**

11                        **UNLIMITED JURISDICTION**

12

13  DE LAVEAGA SERVICE CENTER,
    INC.,
14
                                          Case Number: 21CV00261
15              Plaintiff,
                                          **PLAINTIFF'S COMPLAINT FOR**
16                                        **BAD FAITH INSURANCE CONDUCT**

17     vs.                                **1. Breach of the Implied Covenant of**
                                          **   Good Faith and Fair Dealing; and**
18                                        **2. Intentional Infliction of Emotional**
                                          **   Distress**
19  NATIONWIDE INSURANCE
    COMPANY, AAMCO INSURANCE
20  COMPANY, STEPHEN
    ROTHHAMMER, and DOES 1 through        **DEMAND FOR JURY TRIAL**
21  50, inclusive,

22              Defendants.

23          Plaintiff  DE  LAVEAGA  SERVICE  CENTER,  INC.,  by  and  through  its  chief

24  executive officer SEAN O'NEAL, hereby requests a jury trial and alleges as follows:

25                        **GENERAL ALLEGATIONS**

26          1.      Plaintiff, DE LAVEAGA SERVICE CENTER, INC., by and through its chief

27  executive officer, SEAN O'NEAL, the real party in interest, at all times herein mentioned

28

was, and has been lawfully doing business in Santa Cruz, with its principal office in California located at 1215 Water Street, Santa Cruz, California 95062.

2.     Plaintiff is informed and believes, and on that basis alleges, that defendants NATIONWIDE INSURANCE COMPANY and AAMCO INSURANCE COMPANY (hereafter collectively referred to as, "defendant INSURANCE") at all times herein relevant were, and now are, corporations licensed to do business and actually doing business as insurers and issuing insurance policies in the state of California, with their principal place of business in Santa Cruz County.

3.     Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned, defendant INSURANCE were corporations duly organized and existing and doing business within the state of California.

4.     Plaintiff is informed and believes, and on that basis alleges, that defendant STEPHEN ROTHHAMMER (hereafter, "ROTHHAMMER") is an individual over the age of 18 years and doing business in Santa Cruz County.

5.     The true names or capacities, whether individual, corporate, associate or otherwise, of defendants named herein as DOES 1 through 50, inclusive, are unknown to Plaintiff at this time, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the defendants designated herein by fictitious name is in some manner responsible for the events and happenings herein referred to and caused damages proximately and foreseeably thereby to Plaintiff as hereinafter alleged. Plaintiff asks leave of the Court to amend this Complaint when the true names and capacities have been ascertained.

6.     Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned, each and every defendant herein was the agent, servant, employee,

partner or joint venturer of the other defendants herein; that at all said times, each of said defendants was acting within the course and scope of said agency, service, employment, partnership or joint venture.

7.      On or about October 21, 2018, Plaintiff's auto repair business caught fire and destroyed much of its business (hereafter, "the incident").

8.      Prior to the incident, Plaintiff had entered into a contract of insurance in Santa Cruz County, California with defendant INSURANCE. Said contract, hereinafter referred to as the "Policy" provided, without limitation, for business personal property loss, as well as business income loss, accounts receivable loss, and business interruption loss all not to exceed one million dollars ($1,000,000) per incident.

9.      Each year, up to and including the present time, defendant INSURANCE reissued the Policy to Plaintiff because, throughout the period of said Policy, Plaintiff regularly paid premiums and performed each act required on its part to keep said Policy in full force and effect. Plaintiff intended and expected thereby to be assured peace of mind and financial and economic security in the event of any incident covered under the Policy.

10.      On or about October 21, 2018, Plaintiff made a claim for insurance benefits, for the damages sustained as a result of the incident described in this Complaint.

11.      On or about October 30, 2018, defendant INSURANCE began making payments for business personal property loss and business income. Initially, Plaintiff was paid a portion of what was owed under its Policy of insurance from defendant INSURANCE. This portion of what it was paid under its Policy with defendant INSURANCE included only a portion of what it was owed for its business personal property loss, and only a portion of what was owed for its business income loss.

COMPLAINT FOR BAD FAITH INSURANCE CONDUCT

12.     On or about March 1, 2019, a new adjuster hereinabove designated as ROTHHAMER was assigned to Plaintiff's insurance claim, and shortly thereafter, all payments were halted by ROTHHAMMER.  Defendant INSURANCE, through their agent ROTHHAMMER, stopped compensating Plaintiff for the damages herein referred to, claiming that Plaintiff was not the business owner. ROTHHAMMER was claiming that the business was still owned by the previous owner from whom Plaintiff had purchased the business.  Defendant INSURANCE stopped these much-needed business dependent payments to Plaintiff, although defendant INSURANCE had been accepting premium payments from Plaintiff for years.  Plaintiff, with the help of its attorney at the time, promptly provided proof that Plaintiff was indeed the business owner, including without limitation, the purchase agreement for the business and meetings with defendant INSURANCE and the prior owner, thereby proving that the business indeed belonged to Plaintiff.  Despite this, defendant INSURANCE procrastinated, stalled and refused to pay Plaintiff for its rightful benefits under the policy of insurance with defendant INSURANCE until many months after Plaintiff proved its ownership of the business. During this period, Plaintiff's deprivations from recovery under the policy included, without limitation, the balance of Plaintiff's business personal property losses under the policy, much needed business income for the continued operation of its business after the incident, accounts receivable and now a severe business interruption.

13.     Furthermore, after ROTHHAMMER took over the claim and denied Plaintiff from receiving its much-needed business benefit payments. ROTHHAMMER also began going behind Plaintiff's attorney's back by making phone calls and submitting emails directly to Plaintiff in a supposed effort to resolve matters.

14.     Finally, in February of 2020, defendant INSURANCE completed its so-

called investigation regarding Plaintiff's ownership of the business simultaneous with its evaluation of Plaintiff's claim and notified Plaintiff that it would be receiving only a portion of the monthly amount that was previously received before the benefits were halted, and inexplicably denied various of Plaintiff's other recoveries available under the policy, including without limitation accounts receivable losses and business interruption losses. After having its business destroyed, Plaintiff had been nearly a year without benefits which were much needed for the operation of its business. Despite Plaintiff's protests, further and proper recovery under the policy is still denied by ROTHHAMMER and defendant INSURANCE.

## FIRST CAUSE OF ACTION
### Breach of the Implied Covenant of Good Faith and Fair Dealing
### (Against All Defendants)

15.     Plaintiff incorporates by reference each and every allegation of the Complaint as though fully set forth in this cause of action.

16.     At all times herein relevant, Defendants agreed to act in good faith and deal fairly with Plaintiff in all matters related to the policy, and insurance claims arising from losses covered thereunder, including all claims as stated hereinabove.

17.     Defendants assumed a special relationship with, and fiduciary obligations to Plaintiff, and agreed to abide by the duties commensurate with these obligations. Nevertheless, Defendants refused and failed to act in good faith and deal fairly with Plaintiff, and breached said obligations, as set forth in this Complaint.

18.     Defendants failed to perform a prompt reasonable and good faith investigation of Plaintiff's claims and further failed to act in good faith by making direct and unauthorized contacts with Plaintiff in a supposed attempt to resolve matters. Any reasonable and good faith investigation of this incident would have promptly shown that

Plaintiff was indeed the owner of the business, and that its damages were far in excess of what has been paid under the policy. Therefore, Defendants unreasonably withheld benefits due to Plaintiff under the policy.    Defendants, by engaging in the above-described course of conduct, furthered their own economic interests in violation of their contractual and fiduciary obligations to Plaintiff, including but not limited to:

(a) Unreasonable and bad faith failure to make a prompt, full and fair payment of Plaintiff's business personal property loss, business income loss, business interference loss, accounts receivable loss and other losses compensable under the Policy;

(b) Bad faith failure to reasonably and promptly investigate, adjust, and process Plaintiff's claim for damage;

(c) Failure to attempt in good faith to effectuate a prompt, fair and equitable payment of Plaintiff's claim for damage;

(d) Unreasonable refusal to place the financial interests of Plaintiff on an equal par with defendants' own financial interests; and,

(e) Other wrongful and illegal conduct as described hereinabove and other wrongful and illegal conduct according to proof at trial.

19.    As a direct and proximate result of the aforementioned conduct of Defendants, Plaintiff has suffered mental and emotional distress, including but not limited to, frustration, depression, nervousness and anxiety, and has thereby incurred general damages in a sum in excess of the jurisdiction of this Court, all to be determined at the time of trial.

20.    As a further direct and proximate result of the aforementioned conduct of Defendants, Plaintiff as the real party in interest has suffered special damages in an

amount according to proof at the time of trial, from the lack of availability of said sums to Plaintiff.

21.    As a further proximate result of the unreasonable conduct of Defendants, Plaintiff was compelled to retain legal counsel to obtain the benefits due under the policy. Therefore, Defendants are liable to Plaintiff for those costs of suit and attorneys' fees reasonably necessary and incurred by Plaintiff in order to obtain the policy benefits in an amount to be determined at the time of trial.

22.    The acts alleged were part of Defendants' ordinary business practices designed to keep from paying Policy benefits which were legitimately owed to Plaintiff in order to increase the Defendants' profits. In doing so, and in doing the acts set forth above, Defendants acted despicably, willfully, wantonly, maliciously, oppressively, fraudulently and/or in conscious disregard of Plaintiff's rights.

23.    Plaintiff therefore seeks exemplary damages in a sum to be set by the jury in an amount sufficient to punish Defendants for their behavior.

### SECOND CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### (Against All Defendants)

24.    Plaintiff incorporates by reference each and every allegation of the Complaint as though set forth in this cause of action.

25.    Defendants' conduct in refusing to promptly pay benefits owed to Plaintiff as set forth herein, was intentional and malicious and placed Defendants' financial interests above the interests of Plaintiff.

26.    Defendants' conduct was done with knowledge that Plaintiff's emotional and physical distress after the incident would thereby increase and was done in wanton and reckless disregard for the consequences to the Plaintiff.

27. As a proximate result to the aforementioned acts, Plaintiff as the real party in interest has suffered extreme humiliation, serious and severe mental anguish and emotional and physical distress and has been injured in mind and body all to its damage in an amount according to proof at the time of trial.

28. Defendants' conduct of intentionally and willfully refusing to pay the benefits due to Plaintiff and depriving Plaintiff of the benefits from the policy to which Plaintiff was entitled were intended by Defendants to cause injury to Plaintiff. Such conduct by Defendants was carried on with a conscious disregard of the rights of Plaintiff. Plaintiff had to seek the services of attorneys to protect its rights, and Plaintiff's loss was and is substantial. Such conduct on the part of Defendants constitutes outrageous conduct for which Plaintiff is entitled to damages, since Defendants' conduct was intentional, extreme and willful.

29. The conduct of Defendants as described herein was despicable and fraudulent and was further done willfully, oppressively, maliciously, or with conscious disregard of the rights of Plaintiff, and with the intent to annoy, harass or injure Plaintiff such that Plaintiff is entitled to a recovery of exemplary damages.

### ALLEGATION OF MALICE
### (Against All Defendants)

30. The above-described conduct of the Defendants was malicious and oppressive, and done with intent to harm the Plaintiff as the real party in interest and with willful and reckless disregard for the consequences, such that exemplary damages should be awarded to the Plaintiff.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, jointly, severally or in the alternative, as follows:

1. For general damages to be determined at the time of trial;

2. For special damages to be determined at the time of trial;

3. For attorney's fees and costs and expenses reasonably incurred to obtain the policy benefits in the sum to be determined at the time of trial;

4. For exemplary damages in an amount appropriate to punish or set an example of defendants;

5. For interest, including prejudgment interest, allowable by law;

6. For costs of suit herein incurred; and

7. For such other and further relief as the Court may deem just and proper under the circumstances.


Dated: February 2, 2021

JOHN KEVIN CROWLEY
Attorney for Plaintiff
DE LAVEAGA SERVICE CENTER, INC.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NATIONWIDE INSURANCE COMPANY, AAMCO
INSURANCE COMPANY, STEPHEN ROTHHAMMER, and DOES 1-
50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DE LAVEAGA SERVICE CENTER, INC.

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| ELECTRONICALLY FILED |
| Superior Court of California |
| County of Santa Cruz |
| 2/3/2021 1:10 PM |
| Alex Calvo, Clerk |
| By Helena Hanson, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
| --- | --- |
| The name and address of the court is: *(El nombre y dirección de la corte es):* | **CASE NUMBER** *(Número del Caso):* 21CV00261 |

Superior Court, County of Santa Cruz
701 Ocean Street
Santa Cruz, CA

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John Kevin Crowley, SBN 88189; Jesse Turner, SBN 250789, Attorneys at Law
125 S. Market Street, Suite 1200      Telephone: 408-288-8100
San Jose, CA 95113-2288      E-mail: jkclaw@pacbell.net; jtjd2004@yahoo.com

DATE: 2/3/2021      ALEX CALVO Clerk, by _Helena J Hanson_, Deputy
*(Fecha)*      *(Secretario)*      Helena Hanson      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Nationwide Insurance Company
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 4-7-2021

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]      **SUMMONS**      Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Sean O'Neal

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ | *FOR COURT USE ONLY* |
|---|---|
|  Santa Cruz Branch<br>701 Ocean Street, Room 110<br>Santa Cruz, CA 95060 | **FILED**<br>2/3/2021<br>Alex Calvo, Clerk<br>By: Helena Hanson<br>Deputy, Santa Cruz County |
| DE LAVEAGA SERVICE CENTER, INC.<br><br>VS<br><br>NATIONWIDE INSURANCE COMPANY, et al | |
| **CASE MANAGEMENT INFORMATION AND SETTING** | **CASE NUMBER:**<br>21CV00261 |

# DEFENDANT: YOU HAVE 30 CALENDAR DAYS TO FILE A WRITTEN RESPONSE WITH THE COURT ONCE YOU HAVE BEEN SERVED WITH THE SUMMONS AND COMPLAINT.

The date below is for a Case Management Conference. If you have not responded within 30 days, this hearing MAY NOT take place.

It is the duty of each party to be familiar with the California Rules of Court and the date, time and place of the first case management conference.

A written response is not always necessary. To make this determination it is important to seek legal advice and information. Some options are:

1. Santa Cruz County Bar Association Lawyer Referral Service: 831-425-4755 (Fee Based service)
2. Santa Cruz Superior Court Self Help Center: 1 Second Street, Room 301 Watsonville, CA 95076 831-786-7200 option 4. www.santacruzcourt.org for hours.
3. Santa Cruz Law Library: 701 Ocean Street, Room 70 (Basement), Santa Cruz, CA 95060 831-420-2205 www.lawlibrary.org for hours.
4. Watsonville Law Center: 831-722-2845

**PLAINTIFF:** This notice MUST be served with the summons on all defendants and cross-defendants. Notice of any other pending case management conference must be served on subsequently named defendants and cross defendants.

---

**YOUR CASE MANAGEMENT CONFERENCE DATE:**

**DATE:  06/03/2021**        **TIME:  8:30 A.M.    Santa Cruz Department 5**

**Address of the Court: 701 Ocean Street, Santa Cruz, California**

To Appear remotely through **Zoom** at your Case Management Conference visit our court website **https://www.santacruzcourt.org/content/remote-appearance-0**

---

 **GET TEXT REMINDERS!**
Text case number to (831) 208-5170 for reminders about hearing dates.

CIV-050

**- DO NOT FILE WITH THE COURT -**
**- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| John Kevin Crowley, SBN 88189<br>Jesse Turner, SBN 250789<br>Attorneys at Law<br>125 S. Market Street, Suite 1200<br>San Jose, CA  95113-2288 | 408-288-8100<br>408-288-9409 | |

ATTORNEY FOR (Name): Plaintiff, De LaVeaga Service Center, Inc.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Santa Cruz
STREET ADDRESS: 701 Ocean Street
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Cruz, CA  95060
BRANCH NAME:

PLAINTIFF: DE LAVEAGA SERVICE CENTER, INC.
DEFENDANT: NATIONWIDE INSURANCE CO., AAMCO

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>21CV00261 |
|---|---|

To (name of one defendant only): NATIONWIDE INSURANCE COMPANY
Plaintiff (name of one plaintiff only): DE LAVEAGA SERVICE CENTER, INC.
seeks damages in the above-entitled action, as follows:

AMOUNT

1. **General damages**
   a. [X] Pain, suffering, and inconvenience ............................................................... $ 2,500,000
   b. [X] Emotional distress ....................................................................................... $ 3,000,000
   c. [ ] Loss of consortium ....................................................................................... $
   d. [ ] Loss of society and companionship (wrongful death actions only) ............... $
   e. [ ] Other (specify) ............................................................................................ $
   f. [ ] Other (specify) ............................................................................................ $
   g. [ ] Continued on Attachment 1.g.

2. **Special damages**
   a. [ ] Medical expenses (to date) ......................................................................... $
   b. [ ] Future medical expenses (present value) .................................................... $
   c. [X] Loss of earnings (to date) ........................................................................... $ 2,500,000
   d. [X] Loss of future earning capacity (present value) .......................................... $ 3,500,000
   e. [X] Property damage ........................................................................................ $ 2,000,000
   f. [ ] Funeral expenses (wrongful death actions only) ......................................... $
   g. [ ] Future contributions (present value) (wrongful death actions only) ............. $
   h. [ ] Value of personal service, advice, or training (wrongful death actions only) ... $
   i. [ ] Other (specify) ............................................................................................ $
   j. [ ] Other (specify) ............................................................................................ $
   k. [ ] Continued on Attachment 2.k.

3. [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of (specify)   $
   when pursuing a judgment in the suit filed against you.

Date: March 9, 2021

John Kevin Crowley
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

CEB | Essential Forms
ceb.com

Sean O'Neal

CIV-050

| PLAINTIFF: DE LAVEAGA SERVICE CENTER, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT: NATIONWIDE INSURANCE CO., AAMCO | 21CV00261 |

### PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages  ☐ Other *(specify)* :

   b. on *(name)* :
   c. by serving  ☐ defendant  ☐ other *(name and title or relationship to person served)* :

   d. ☐ by delivery  ☐ at home  ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box)* :
   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20 (b)) *(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)*
   d. ☐ **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) *(Attach completed acknowledgment of receipt.)*
   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) *(Attach signed return receipt or other evidence of actual delivery to the person served.)*
   f. ☐ Other *(specify code section)* :
      ☐ additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address, and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

▶ _____
(SIGNATURE)

*(For California sheriff, marshal or constable use only)*
I certify that the foregoing is true and correct.
Date:

▶ _____
(SIGNATURE)

**PROOF OF SERVICE**
(Statement of Damages)

CEB® Essential
ceb.com Forms

Sean O'Neal

CIV-050

**- DO NOT FILE WITH THE COURT -**
**- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| John Kevin Crowley, SBN 88189 | 408-288-8100 | |
| Jesse Turner, SBN 250789 | 408-288-9409 | |
| Attorneys at Law | | |
| 125 S. Market Street, Suite 1200 | | |
| San Jose, CA  95113-2288 | | |
| ATTORNEY FOR (Name): Plaintiff, De LaVeaga Service Center, Inc. | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Santa Cruz
STREET ADDRESS: 701 Ocean Street
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Cruz, CA  95060
BRANCH NAME:

PLAINTIFF: DE LAVEAGA SERVICE CENTER, INC.
DEFENDANT: NATIONWIDE INSURANCE CO., AAMCO

| STATEMENT OF DAMAGES (Personal Injury or Wrongful Death) | CASE NUMBER: 21CV00261 |
|---|---|

To (name of one defendant only): AAMCO INSURANCE COMPANY
Plaintiff (name of one plaintiff only): DE LAVEAGA SERVICE CENTER, INC.
seeks damages in the above-entitled action, as follows:

AMOUNT

**1. General damages**

a. [X] Pain, suffering, and inconvenience..........................................................$____2,500,000

b. [X] Emotional distress....................................................................................$____3,000,000

c. [ ] Loss of consortium...................................................................................$_____

d. [ ] Loss of society and companionship (wrongful death actions only).........$_____

e. [ ] Other (specify)..........................................................................................$_____

f. [ ] Other (specify)..........................................................................................$_____

g. [ ] Continued on Attachment 1.g.

**2. Special damages**

a. [ ] Medical expenses (to date)......................................................................$_____

b. [ ] Future medical expenses (present value).................................................$_____

c. [X] Loss of earnings (to date) ......................................................................$____2,500,000

d. [X] Loss of future earning capacity (present value)......................................$____3,500,000

e. [X] Property damage.....................................................................................$____2,000,000

f. [ ] Funeral expenses (wrongful death actions only)......................................$_____

g. [ ] Future contributions (present value) (wrongful death actions only).........$_____

h. [ ] Value of personal service, advice, or training (wrongful death actions only)......$_____

i. [ ] Other (specify)..........................................................................................$_____

j. [ ] Other (specify)..........................................................................................$_____

k. [ ] Continued on Attachment 2.k.

**3.** [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of (specify)  $_____
when pursuing a judgment in the suit filed against you.

Date: March 9, 2021

John Kevin Crowley
(TYPE OR PRINT NAME)

(Proof of service on reverse)                    (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

Sean O'Neal

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

CEB® Essential
ceb.com Forms

CIV-050

| | |
|---|---|
| PLAINTIFF: **DE LAVEAGA SERVICE CENTER, INC.**<br>DEFENDANT: **NATIONWIDE INSURANCE CO., AAMCO** | CASE NUMBER:<br>**21CV00261** |

### PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages  ☐ Other *(specify)* :

   b. on *(name)* :
   c. by serving  ☐ defendant  ☐ other *(name and title or relationship to person served)*:

   d. ☐ by delivery  ☐ at home  ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box)* :
   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20 (b)) *(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)*
   d. ☐ **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) *(Attach completed acknowledgment of receipt.)*
   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) *(Attach signed return receipt or other evidence of actual delivery to the person served.)*
   f. ☐ Other *(specify code section)* :
      ☐ additional page is attached.
3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address, and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

▶ _____
(SIGNATURE)

*(For California sheriff, marshal or constable use only)*
I certify that the foregoing is true and correct.
Date:

▶ _____
(SIGNATURE)

CEB® | Essential
ceb.com | Forms™

Sean O'Neal

CIV-050

**- DO NOT FILE WITH THE COURT -**
**- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| John Kevin Crowley, SBN 88189<br>Jesse Turner, SBN 250789<br>Attorneys at Law<br>125 S. Market Street, Suite 1200<br>San Jose, CA 95113-2288 | 408-288-8100<br>408-288-9409 | |

ATTORNEY FOR *(Name):* Plaintiff, De LaVeaga Service Center, Inc.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Santa Cruz
STREET ADDRESS: 701 Ocean Street
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Cruz, CA  95060
BRANCH NAME:

PLAINTIFF: DE LAVEAGA SERVICE CENTER, INC.
DEFENDANT: NATIONWIDE INSURANCE CO., AAMCO

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>21CV00261 |
|---|---|

To *(name of one defendant only):* STEPHEN ROTHHAMMER
Plaintiff *(name of one plaintiff only):* DE LAVEAGA SERVICE CENTER, INC.
seeks damages in the above-entitled action, as follows:

1. **General damages**                                                                                                   AMOUNT
   a. [X] Pain, suffering, and inconvenience ........................................................... $ ___2,500,000___
   b. [X] Emotional distress ....................................................................................... $ ___3,000,000___
   c. [ ] Loss of consortium ....................................................................................... $ _____
   d. [ ] Loss of society and companionship *(wrongful death actions only)* ........... $ _____
   e. [ ] Other *(specify)* ........................................................................................... $ _____
   f. [ ] Other *(specify)* ........................................................................................... $ _____
   g. [ ] Continued on Attachment 1.g.

2. **Special damages**
   a. [ ] Medical expenses *(to date)* ..................................................................... $ _____
   b. [ ] Future medical expenses *(present value)* ............................................... $ _____
   c. [X] Loss of earnings *(to date)* ....................................................................... $ ___2,500,000___
   d. [X] Loss of future earning capacity *(present value)* .................................... $ ___3,500,000___
   e. [X] Property damage ........................................................................................ $ ___2,000,000___
   f. [ ] Funeral expenses *(wrongful death actions only)* .................................... $ _____
   g. [ ] Future contributions *(present value) (wrongful death actions only)* ........ $ _____
   h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* ... $ _____
   i. [ ] Other *(specify)* ........................................................................................... $ _____
   j. [ ] Other *(specify)* ........................................................................................... $ _____
   k. [ ] Continued on Attachment 2.k.

3. [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)* ... $ _____
       when pursuing a judgment in the suit filed against you.

Date: March 9, 2021

_____John Kevin Crowley_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Sean O'Neal

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

CEB® Essential Forms
ceb.com

CIV-050

| PLAINTIFF: DE LAVEAGA SERVICE CENTER, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT: NATIONWIDE INSURANCE CO., AAMCO | 21CV00261 |

**PROOF OF SERVICE**

*(After having the other party served as described below, with any of the documents identified in Item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages   ☐ Other *(specify)* :

   b. on *(name)* :
   c. by serving   ☐ defendant   ☐ other *(name and title or relationship to person served)*:

   d. ☐ by delivery   ☐ at home   ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box)* :
   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20 (b)) *(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)*
   d. ☐ **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) *(Attach completed acknowledgment of receipt.)*
   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) *(Attach signed return receipt or other evidence of actual delivery to the person served.)*
   f. ☐ Other *(specify code section)* :
      ☐ additional page is attached.
3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f.   Name, address, and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

▶ _____
                (SIGNATURE)

*(For California sheriff, marshal or constable use only)*
I certify that the foregoing is true and correct.
Date:

▶ _____
                (SIGNATURE)

CIV-050 [Rev. January 1, 2007]   **PROOF OF SERVICE**   Page 2 of 2
CEB Essential Forms   (Statement of Damages)   Code of Civil Procedure, §§ 425.11, 425.115
ceb.com   Sean O'Neal

 **GET TEXT REMINDERS!**
Text case number to (831) 208-5170 for reminders about hearing dates.

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>John Kevin Crowley, Esq.   (SBN 88189)<br>125 S Market St, #1200<br>San Jose, CA 95113<br><br>   TELEPHONE NO.: (408) 288-8100<br>   ATTORNEY FOR: Plaintiff | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ<br>   STREET ADDRESS: 701 Ocean St, Room 110<br>   MAILING ADDRESS: 701 Ocean St, Room 110<br>   CITY AND ZIP CODE: Santa Cruz, 95060<br>   BRANCH NAME: Santa Cruz | |

| PLAINTIFF: De Laveaga Service Center, Inc.<br>DEFENDANT: Nationwide Insurance Company; et al | CASE NUMBER:<br>21 CV 00261 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

BY FAX

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:
    f.  other (specify documents):
    Summons; Complaint; Civil Case Sheet; Stetement of Damages Re: AAMCO Insurance Company;
    Stetement of Damages Re: Nationwide Insurance Company; Stetement of Damages Re: Stephen
    Rothhammer; Case Management Information and Setting

3.  a.  Party served:
        AAMCO Insurance Company

    b.  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under
        item 5b on whom substituted service was made):
        Agent, CSC Lawyers Incorporating Service by serving Trudy Desbiens / Authorized To Accept

4.  Address where the party was served:
    2710 Gateway Oaks Dr., Suite 150N, Sacramento, CA 95833

5.  I served the party
    a.  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive
        service of process for the party on 4/7/2021 at 3:49 pm

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    d.  On behalf of: AAMCO Insurance Company
        under the following Code of Civil Procedure section:
           416.10 (corporation)

7.  **Person who served papers**
    a.  Name: Katrina Williams
        Firm: County Process Service, Inc.
    b.  Address: 31 E. Julian Street, San Jose, CA 95112
    c.  Telephone number: (408) 297-6070
    d.  The fee for the service was: $100.50
    e.  I am:
        (3)  a registered California process server:
            (i)   independent contractor
            (ii)  Registration No.: 2015-10
            (iii) County: Sacramento

Page 1 of 2

| PLAINTIFF: De Laveaga Service Center, Inc. | CASE NUMBER: |
|---|---|
| DEFENDANT: Nationwide Insurance Company; et al | 21 CV 00261 |

8.   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 4/12/2021


_____
Katrina Williams
(NAME OF PERSON WHO SERVED PAPERS)

▶ _____
(SIGNATURE)

Judicial Council of California
POS-010 [Rev. January 1, 2007]
Form adopted by rule 982.9

**PROOF OF SERVICE OF SUMMONS**

Job Number COP-2021003815

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | FOR COURT USE ONLY |
|---|---|
| John Kevin Crowley, Esq.  (SBN 88189)<br>125 S Market St, #1200<br>San Jose, CA 95113<br><br>   TELEPHONE NO.: (408) 288-8100<br>   ATTORNEY FOR: Plaintiff | ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Cruz<br>4/12/2021 1:36 PM<br>Alex Calvo, Clerk<br>By: Helena Hanson, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ
   STREET ADDRESS: 701 Ocean St, Room 110
   MAILING ADDRESS: 701 Ocean St, Room 110
   CITY AND ZIP CODE: Santa Cruz, 95060
   BRANCH NAME: Santa Cruz

PLAINTIFF: De Laveaga Service Center, Inc.
DEFENDANT: Nationwide Insurance Company; et al

CASE NUMBER:
21 CV 00261

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br><br>BY FAX |
|---|---|

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:
    f.  other (specifiy documents):
    Summons; Complaint; Civil Case Sheet; Stetement of Damages Re: AAMCO Insurance Company;
    Stetement of Damages Re: Nationwide Insurance Company; Stetement of Damages Re: Stephen
    Rothhammer; Case Management Information and Setting

3.  a.  Party served:
       Nationwide Insurance Company

    b.  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under
       item 5b on whom substituted service was made):
       Agent, CSC Lawyers Incorporating Service by serving Trudy Desbiens / Authorized To Accept

4.  Address where the party was served:
    2710 Gateway Oaks Dr., Suite 150N, Sacramento, CA 95833

5.  I served the party
    a.  **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive
       service of process for the party on 4/7/2021 at 3:49 pm

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    d.  On behalf of: Nationwide Insurance Company
       under the following Code of Civil Procedure section:
          416.10 (corporation)

7.  **Person who served papers**
    a.  Name: Katrina Williams
       Firm: County Process Service, Inc.
    b.  Address: 31 E. Julian Street, San Jose, CA 95112
    c.  Telephone number: (408) 297-6070
    d.  The fee for the service was: $58.00
    e.  I am:
       (3)  a registered California process server:
          (i)   independent contractor
          (ii)  Registration No.: 2015-10
          (iii) County: Sacramento

Page 1 of 2

| PLAINTIFF: De Laveaga Service Center, Inc. | CASE NUMBER: |
|---|---|
| DEFENDANT: Nationwide Insurance Company; et al | 21 CV 00261 |

8.    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 4/12/2021

| Katrina Williams | | |
|---|---|---|
| (NAME OF PERSON WHO SERVED PAPERS) | | (SIGNATURE) |

Page 2 of 2