1
2
3          **UNITED STATES DISTRICT COURT**
4          **NORTHERN DISTRICT OF CALIFORNIA**
5          **SAN JOSE DIVISION**
6

7  DE LAVEAGA SERVICE CENTER, INC., | Case No. 21-cv-03389-BLF
8  Plaintiff,
9  v.  | **ORDER DENYING IN PART AS MOOT AND GRANTING IN PART MOTION TO DISMISS WITH LEAVE TO AMEND; DENYING MOTION TO STRIKE AS MOOT**
10 NATIONWIDE INSURANCE COMPANY, et al.,
11
12 Defendants. | [Re: ECF No. 21]

13      Before the Court is a combined motion to dismiss and motion to strike brought by
14 Defendants Nationwide Insurance Company and AAMCO Insurance Company. ECF No. 21
15 ("Mot."); *see also* ECF No. 29 ("Reply"). In their motion to strike, Defendants argue that the
16 Court should strike Plaintiff De Laveaga Service Center, Inc.'s First Amended Complaint because
17 it seeks to destroy diversity jurisdiction. In their motion to dismiss, Defendants argue that the
18 Court should dismiss Plaintiff's claim for intentional infliction of emotional distress, the claim for
19 breach of the implied covenant of good faith and fair dealing as to Stephen Rothhammer, and the
20 claim for "malice." Plaintiff opposes both motions. ECF No. 26 ("Opp."). The Court held a
21 hearing on this motion on January 20, 2022.

22      As briefly explained below, Defendants' motion to strike and arguments in the motion to
23 dismiss directed at claims against Stephen Rothhammer are moot, as Mr. Rothhammer has been
24 voluntarily dismissed from this case. Defendants' other arguments are well-taken, although the
25 defects may possibly be cured by amendment. Accordingly, Defendants' motion to strike is
26 DENIED AS MOOT and their motion to dismiss is GRANTED IN PART WITH LEAVE TO
27 AMEND.
28

## I. BACKGROUND

The background of this case was set out in the Court's order denying Plaintiff's motion to remand. *See De Laveaga Serv. Ctr. v. Nationwide Ins. Co.*, 2021 WL 4400215 (N.D. Cal. Sep. 27, 2021) ("MTR Order"). Since that order, in response to Defendant Stephen Rothhammer's motion to dismiss, Plaintiff voluntarily dismissed him from this case. ECF Nos. 48, 51. This Court held a hearing on the instant motion on January 20, 2022.

## II. MOTION TO STRIKE

Defendants first bring a motion to strike the First Amended Complaint. Mot. at 5–7. Defendants argue that the First Amended Complaint should be stricken because it was filed after Defendants sought to dismiss defendant Stephen Rothhammer and with the goal of destroying this Court's jurisdiction. *Id.* Plaintiff responds that the motion to strike is improper but does not directly address Defendants' jurisdictional argument. Opp. at 13–14.

This issue is moot. The Court already denied Plaintiff's motion to remand on the basis of the original complaint as filed in state court. *See* MTR Order at *1 (propriety of removal "analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments") (quoting *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998)). Since that time, Plaintiff has dismissed Mr. Rothhammer. ECF No. 51. Accordingly, the Court has found it has diversity jurisdiction and the alleged basis for striking the First Amended Complaint is no longer present.

The motion to strike is DENIED AS MOOT. The Court will evaluate Defendants' other arguments based on the First Amended Complaint.

## III. MOTION TO DISMISS

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court

need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

### A. Intentional Infliction of Emotional Distress

Defendants first move to dismiss the claim for intentional infliction of emotional distress. Mot. at 7–9. They argue that, as a corporation, Plaintiff cannot suffer emotional distress as a matter of California law. *Id.* at 7. Plaintiff responds that the claim is asserted on behalf of Sean O'Neal, its chief executive officer, as a real party in interest. Opp. at 12; *see also* FAC ¶ 1. Defendants argue that Mr. O'Neal is not the real party in interest because he is not named as a plaintiff and cannot recover emotional distress damages for injuries to the corporation. Mot. at 7–9; *see also* Reply at 3–5.

The Court agrees with Defendants on both accounts. First, Defendants are correct that Plaintiff, as a corporation, cannot suffer emotional distress as a matter of California law. *See, e.g.*, *Huntingdon Life Scis., Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*, 129 Cal. App. 4th 1228, 1261 (2005) (business lacked standing to pursue tort of emotional distress); *F.P.D., Inc. v. Hartford Cas. Ins. Co.*, 2015 WL 12806477, at *3 (C.D. Cal. Oct. 6, 2015) (same); *see also FDIC v. Hulsey*, 22 F.3d 1472, 1489 (10th Cir. 1994) ("Since a corporation lacks the cognizant ability to experience emotions, a corporation cannot suffer emotional distress.").

Second, Defendants are correct that Plaintiff cannot assert this claim on behalf of Mr. O'Neal as a purported real party in interest. As an initial matter, Mr. O'Neal is not named as a

3

1    plaintiff, which he must be under both federal and California rules of procedure if he is the real
2    party in interest. *See* Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the
3    real party in interest."); Cal. Civ. Proc. Code § 367 ("Every action must be prosecuted in the name
4    of the real party in interest."). Even if Mr. O'Neal was named as a plaintiff, "[g]enerally, a
5    shareholder does not have standing to redress an injury to the corporation." *Shell Petroleum, N.V.*
6    *v. Graves*, 709 F.2d 593, 595 (9th Cir. 1983) (applying California law). This has been specifically
7    reaffirmed in the insurance context. *See Tan Jay Int'l, Ltd. v. Canadian Indem. Co.*, 198 Cal. App.
8    3d 695, 706 (1988) ("[A] shareholder may not, as a matter of law, personally recover emotional
9    distress damages for injury to the corporation in which he holds shares."); *Seretti v. Superior Nat'l*
10   *Ins. Co.*, 71 Cal. App. 4th 920, 931 (1999) (shareholders lack sanding to assert claims against
11   corporation's insurer).

12         Neither of the two cases Plaintiff cites undermine these principles of California corporate
13   law. In *Bradbury v. Dennis*, 310 F.2d 73, 74 (10th Cir. 1962), the court specifically noted that the
14   shareholder plaintiff "was not the sole owner of the asserted cause of action . . . and was not
15   therefore the real party in interest" prior to the assignment of that cause of action to him by the
16   insolvent corporation of which he was a shareholder. No such insolvency or assignment of a
17   claim has occurred here. *Turner v. Seterus, Inc.*, 27 Cal. App. 5th 516, 520–25 (2018), is similarly
18   inapposite, as it considered a husband's standing to assert a claim for community property as a real
19   party in interest, which is far from the issues of corporate law presented here.

20         Finally, to the extent that Plaintiff seeks to assert a claim for conspiracy to commit
21   intentional infliction of emotional distress, *cf.* Opp. at 11, that claim fails as pleaded because no
22   claim for intentional infliction of emotional distress could be asserted under any set of facts by
23   Plaintiff against Defendants. *See IIG Wireless, Inc. v. Yi*, 22 Cal. App. 5th 630, 652 (2018) ("The
24   defendant in a conspiracy claim must be capable of committing the target tort.").

25         This claim is DISMISSED WITH LEAVE TO AMEND. If Plaintiff wishes to pursue this
26   claim, he must name Mr. O'Neal as a separate plaintiff and allege facts sufficient to demonstrate
27   his standing to assert this claim against the insurance companies. This claim may not be asserted
28   by the current Plaintiff.

**B.     Implied Covenant of Good Faith and Fair Dealing**

Defendants next move to dismiss the claim for breach of the implied covenant of good faith and fair dealing, but only as pled against Mr. Rothhammer.  *See* Mot. at 9–10.  Because Mr. Rothhammer has been dismissed from this case, the request is DENIED AS MOOT.  Plaintiff's implied covenant claim survives against the remaining Defendants, as no request to dismiss that claim has been made.

**C.     "Malice"**

Defendants finally move to dismiss Plaintiff's claim for "malice."  Mot. at 10–12. Defendants argue there is no such claim under California law, and that even if construed as a fraud claim, the claim fails to satisfy the requirements of Rule 9(b).  *Id.*  Plaintiff responds that it is indeed asserting a fraud claim, and pastes excerpts from its complaint in defense of the sufficiency of its pleading.  Opp. at 3–8, 10, 11–12.

Plaintiff has failed to plausibly plead a fraud claim.  As an initial matter, although the caption page identifies a third cause of action for "fraud," no third cause of action appears in the body of the complaint.  *Compare* FAC at 1, *with id.* at 8.  All that appears after the second cause of action and before the prayer for relief is the heading "Allegation of Malice," which alleges that the "above-described conduct of the Defendants was malicious and oppressive, and done with intent to harm the Plaintiff . . . with willful and reckless disregard for the consequences."  *Id.* at 8. This "Allegation of Malice" is insufficient to state a fraud claim by itself.

Even liberally construed and considering the allegations throughout Plaintiff's pleading, no fraud claim is plausibly pled.  Rule 9(b) demands that the circumstances constituting any alleged fraud be pled "specific[ally] enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal citation omitted). Claims of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct alleged.  *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).  Plaintiff does not adequately allege the "who, what, when, where, and how" of its fraud claim such that Defendants are on notice of exactly what conduct is allegedly fraudulent.  To the extent that Plaintiff seeks to

assert a claim for conspiracy to commit fraud, this theory fails for the same reason that insufficient facts have been pled to support any theory of fraudulent activity by the Defendants.

Accordingly, the "malice" claim is DISMISSED WITH LEAVE TO AMEND. If Plaintiff chooses to pursue this claim, it should be labeled as a "fraud" claim in any amended complaint.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' motion to strike is DENIED AS MOOT, and Defendants' motion to dismiss is:

- GRANTED WITH LEAVE TO AMEND as to Plaintiff's claim for intentional infliction of emotional distress;
- DENIED AS MOOT as to Plaintiff's claim against dismissed defendant Stephen Rothhammer for breach of the implied covenant of good faith and fair dealing; and
- GRANTED WITH LEAVE TO AMEND as to Plaintiff's claim for "malice."

Plaintiff SHALL file an amended complaint within 60 days of this Order. Failure to meet the deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in dismissal of the deficient claims with prejudice. Amendment shall not exceed the scope of the deficiencies identified in this Order.

Dated: January 20, 2022

_____
BETH LABSON FREEMAN
United States District Judge