# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| DE LAVEAGA SERVICE CENTER, INC., <br><br>Plaintiff, <br><br>v. <br><br>NATIONWIDE INSURANCE COMPANY, et al., <br><br>Defendants. | Case No. 21-cv-03389-BLF <br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND** <br><br>[Re: ECF No. 57] |

Now before the Court is a motion to dismiss, brought by Defendants Nationwide Insurance Company and AMCO Insurance Company, aimed at two of the three claims asserted in the operative Second Amended Complaint. *See* ECF Nos. 57, 59. Plaintiff opposes the motion. *See* ECF No. 58. The Court held a hearing on the motion on June 30, 2022. For the reasons explained below, the motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND.

## I. BACKGROUND

The background of this case was set out in the Court's order denying Plaintiff's motion to remand. *See De Laveaga Serv. Ctr. v. Nationwide Ins. Co.*, 2021 WL 4400215 (N.D. Cal. Sep. 27, 2021) ("MTR Order"). Since that order, in response to a motion to dismiss brought by former Defendant Stephen Rothhammer, Plaintiff voluntarily dismissed him from this case. ECF Nos. 48, 51.[1]

Plaintiff filed a Second Amended Complaint on February 25, 2022. *See* ECF No. 56

---

[1] Stephen Rothhammer remains in the caption of the Second Amended Complaint, and one paragraph refers to him as a defendant. *See* SAC ¶ 4. Counsel for Plaintiff confirmed at the hearing that this was a scrivener's error and that Rothhammer is no longer a named defendant. Paragraph 4 of the Second Amended Complaint is therefore STRICKEN and Rothhammer is TERMINATED as a party.

1  ("SAC"). The Second Amended Complaint asserts three claims: (1) breach of the implied
2  covenant of good faith and fair dealing, *id.* ¶¶ 15–23; (2) fraud, *id.* ¶¶ 24–43; and (3) conspiracy to
3  commit fraud, *id.* ¶¶ 44–49. The instant motion seeks dismissal of only the second and third
4  claims. *See* MTD.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

## III. DISCUSSION

To allege fraud, plaintiff must allege (1) a misrepresentation, (2) knowledge of falsity, (3) intent to defraud or induce reliance, (4) justifiable reliance, and (5) resulting damages. *See Nagy v. Nagy*, 210 Cal. App. 3d 1262, 1268 (1989). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) demands that the circumstances constituting any alleged fraud be pled "specific[ally] enough

1    to give defendants notice of the particular misconduct . . . so that they can defend against the
2    charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567
3    F.3d 1120, 1124 (9th Cir. 2009) (internal citation omitted).  Claims of fraud must be accompanied
4    by the "who, what, when, where, and how" of the misconduct alleged.  *Cooper v. Pickett*, 137
5    F.3d 616, 627 (9th Cir. 1997).

6         The Court agrees with Defendants that under these standards, Plaintiff has failed to make
7    out a fraud claim for multiple reasons.  First, Plaintiff has failed to identify the "what" of the
8    alleged fraud—a specific misrepresentation.  *Nagy*, 201 Cal. App. 3d at 1268.  Plaintiff's fraud
9    theory rests on Defendants' alleged misrepresentation that "[c]overage [w]ould [b]e [p]rovided"
10   by the policy that they issued.  SAC ¶ 24.  But the entire multi-page insurance policy is not a
11   single misrepresentation.  Additionally, Plaintiff has alleged that Defendants did in fact provide
12   coverage and that partial payment was made on the claim that Plaintiff made.  SAC ¶ 14 (alleging
13   that Defendants notified Plaintiff that it "would be receiving only a portion of the monthly amount
14   that was previously received before the benefits were halted").  While the coverage was not in an
15   amount Plaintiff believes it was entitled, this is not the alleged basis for the fraud claim.

16        Second, Plaintiff has failed to allege the "who" of the fraud claim.  Where fraud is asserted
17   against a corporation, as it is here, Plaintiff must identify "the names of the persons who made the
18   allegedly fraudulent representations, their authority to speak, [and] to whom they spoke."  *Santana*
19   *v. BSI Fin. Servs., Inc.*, 495 F. Supp. 3d 926, 947 (S.D. Cal. 2020).  The only individual Plaintiff
20   identifies in the Second Amended Complaint is Rothhammer.  But Plaintiff has alleged that
21   Rothhammer was not involved in issuing the policy, which is the basis for the fraud claim.  *See*
22   SAC ¶ 12 (alleging that Rothhammer took over the insurance claim as "a new adjuster").  Neither
23   is the only statement Rothhammer is alleged to have made—that the "business was still owned by
24   the previous owner from whom Plaintiff had purchased the business," *id.* ¶ 27—relevant to the
25   issuance of the policy.  Rothhammer accordingly cannot be the "who" responsible for the course
26   of fraud Plaintiff alleges.  Without any other identified individual, Plaintiff has failed to identify
27   the "who" of the fraud.

28        For those two reasons, Plaintiff has failed to allege a fraud claim.  The third claim for

conspiracy to commit fraud thus fails as well.  *See MH Pillars Ltd. v. Realini*, 277 F. Supp. 3d 1077, 1096 (N.D. Cal. 2017) ("[T]here is no separate tort of civil conspiracy and no action for conspiracy to commit a tort unless the underlying tort is committed and damage results therefrom.").  The Court previously gave Plaintiff leave to amend these two claims.  Because Plaintiff's amendments have failed to correct the defects the Court identified, the Court finds that further amendment would be futile and leave to amend will be denied.

In conclusion, the Court notes that while this Order dismisses two of Plaintiff's three claims, the dismissal of those claims does not affect the scope of damages or evidence that Plaintiff may present.  Unlike in typical cases asserting a breach of the covenant of good faith and fair dealing, punitive damages may be available in a case asserting a breach of the implied covenant by an insurer "if there has been oppression, fraud, or malice by the insurer."  *Cates Constr., Inc. v. Talbot Partners*, 21 Cal. 4th 28, 43–44 (1999) (citing Cal. Civ. Code § 3294).

## IV.     ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' motion to dismiss is GRANTED.  The second claim for fraud and the third claim for conspiracy to commit fraud are DISMISSED WITHOUT LEAVE TO AMEND.  This case will proceed on the first claim for breach of the covenant of good faith and fair dealing.  Defendants SHALL file an answer to that claim **no later than 21 days from this date of this Order**.

Dated:  June 30, 2022

_____
BETH LABSON FREEMAN
United States District Judge